**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**DONALD ESTEPP**,

Plaintiff,

**v.**                                                    **CIVIL ACTION NO.: 2:15-CV-57**
                                                         **(BAILEY)**

**SGT. McKEEN, et al.,**

Defendants.

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On July 27, 2015, Donald Estepp ("Plaintiff"), a state prisoner, filed the instant

pro se Complaint under 42 U.S.C. § 1983, asserting various claims against the above

named defendants in their individual and personal capacities. Because Plaintiff's

Complaint fails to state a claim upon which relief can be granted, the undersigned

recommends that Plaintiff's Complaint be dismissed with prejudice.

## II.    PLAINTIFF'S COMPLAINT

Liberally construed, Plaintiff's Complaint[1] sets forth two allegations: First, Plaintiff

claims that Sgt. McKeen ("Defendant McKeen") and CO II Hummel ("Defendant

Hummel") violated Plaintiff's Eighth Amendment rights by delaying Plaintiff's treatment

for a serious medical condition. Complaint, ECF No. 1 at 7–8. Second, Plaintiff claims

that Warden Karen Psycolkowski ("the Warden") violated Plaintiff's Eighth Amendment

rights by negligently and intelligently understaffing the Northern Correctional Facility,

---

[1] Here, it is important to note that Plaintiff first exhausted his administrative remedies before filing this
timely Complaint. See generally Inmate Grievance Forms, ECF No. 1-1.

which caused the delay in Plaintiff's medical treatment. Id. at 8. Because of this delay, Plaintiff claims he has suffered severe pain, blood loss, physical disability, and physical and emotional scars. Id. at 9. He has also endured several medical procedures and treatments and must take long-term medication. Id. In relief, Plaintiff requests proper medical attention, medical expenses, attorneys' fees, and monetary and punitive damages. Id.

The undersigned addresses each claim, in turn, below.

## IV.   DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1915A, courts are required to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). When conducting said review, the court "must identify 'cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" McLean v. United States, 566 F.3d 391, 394 (4th Cir. 2009) (alteration in original) (quoting 28 U.S.C. § 1915A(b)(1)); see also Brown v. Brock, 632 Fed. App'x 744, 746 (4th Cir. 2015) ("[A] prisoner's complaint seeking redress from the Government that is frivolous, malicious, or fails to state a claim may be dismissed sua sponte.").

A complaint is frivolous if it "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Even when a complaint is not frivolous, however, it is subject to dismissal under § 1915A when it fails to state a claim upon which relief can be granted." Massey v. Wriston, No. 2:13-cv-08842, 2016 WL 5172811,

2

at *3 (S.D. W. Va. Sept. 21, 2016); see also 28 U.S.C. § 1915A(b)(1). "In making this determination, courts employ the same standard that is used when reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Massey v. Wriston, 2016 WL 5172811, at *3 (citing De'lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013); Richards v. Jones, 31 F. Supp. 3d 630, 633 (D. Del. 2014)). Therefore, "[d]ismissal is proper only if the plaintiff has failed to 'present factual allegations that state a claim to relief that is plausible on its face.'" Jehovah v. Clarke, 798 F.3d 169, 176 (4th Cir. 2015) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

"Th[e] plausibility standard requires only that the complaint's factual allegations 'be enough to raise a right to relief above the speculative level.'" Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Where, as here, a pro se complaint raises civil rights issues, liberal construction of the pleadings is 'particularly appropriate.'" Massey v. Wriston, 2016 WL 5172811, at *3 (quoting Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009)).

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, the Court must review the Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. For the reasons that follow, the undersigned concludes that Plaintiff's Complaint does not plausibly claim that his constitutional rights were violated and should be dismissed.

B. **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted**

   (i) **Defendant McKeen and Defendant Hummel**

Liberally construed, Plaintiff alleges that Defendant McKeen and Defendant Hummel were deliberately indifferent to Plaintiff's medical needs, violating his Eighth Amendment rights. ECF No. 1 at 7–8. In support, Plaintiff claims that Defendant McKeen and Defendant Hummel delayed transporting Plaintiff to an outside medical facility because the Northern Correctional Facility was understaffed. Id.

The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 297 (1991). To state a claim under the Eighth Amendment, a prisoner must allege: "(1) that the deprivation of [a] basic human need was objectively sufficiently serious, and (2) that subjectively the officials act[ed] with a sufficiently culpable state of mind." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (quoting De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)); see also King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016). "To satisfy the subjective component, a prisoner must allege that prison officials acted with 'deliberate indifference' to his serious medical need." King v. United States, 536 Fed. App'x 358, 360 (4th Cir. 2013) (citing De'lonta, 708 F.3d at 525; Wilson v. Seiter, 501 U.S. 294, 297 (1991)). That subjective component requires courts to "consider prison officials' culpable mental state because 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" Id. (emphasis in original) (quoting Wilson, 501 U.S. at 297).

"Deliberate indifference requires that a prison official 'know of and disregard an excessive risk to inmate health or safety,' that is, 'the official must both be aware of

4

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (cleaned up) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "Intentionally delaying access to medical care may demonstrate deliberate indifference, but only if the delay results in some substantial harm." Edwards v. Graham Cty. Jail, No. 1:16-cv-315-FDW, 2017 WL 5894496, at *6 (W.D.N.C. Nov. 29, 2017) (citing Webb v. Hamidullah, 281 Fed. App'x 159, 166, 166 n.13 (4th Cir. 2008) (citing Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000))). "To demonstrate this resulting injury, a deliberate indifference inmate who contends 'that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.'" Id. (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

Here, the notes taken by Sara Holloway, a licensed practical nurse, on January 18, 2015, show that Plaintiff was brought to "medical" at the Northern Correctional Facility at approximately 6:05 p.m. ECF No. 1-3 at 1. His vitals were taken and an EKG (i.e., electrocardiogram) showed Plaintiff had Supraventricular Tachycardia (a heart rhythm disorder where his heart was beating faster than normal (151 to 250 beats per minute)). Id. Soon thereafter, Andy Howlett, a certified physician's assistant, ordered that Plaintiff be transferred to an outside medical facility at 6:17 p.m. Id. An ambulance was called at 6:25 p.m. Id. Although the ambulance arrived at 6:35 p.m., the ambulance did not leave the Northern Correctional Facility until 7:15 p.m. because it was "understaffed." Id. During that time, paramedics placed Plaintiff on a cardiac monitor and started an IV. Before leaving the facility, Plaintiff converted to Sinus tachycardia (a heart rhythm

5

disorder where his heart was beating faster than normal (100 to 150 beats per minute))

on his own, no drugs were used. Id. At 7:05 p.m., someone at medical called the Ohio

Valley Medical Center ("OVMC") in Wheeling, West Virginia, to update them about

Plaintiff's condition. Id. The ambulance left for OVMC at 7:15 p.m. Id. Two days later,

Plaintiff was transported from OVMC to the Catheterization Lab at Wheeling Hospital; no

lights or sirens where used. ECF No. 1-2 at 1. There, Plaintiff was successfully treated

for breathing problems. Id. at 1–2.

Critically, none of this medical information supports a plausible claim that the

forty-minute delay in transporting Plaintiff to OVMC resulted in "substantial harm."

Indeed, Nurse Holloway's notes from that night show that Plaintiff's condition had

actually improved during that forty-minute delay. ECF No. 1-3 at 1. If anything, those

records show that Plaintiff received the necessary medical attention on January 18,

2015, and thereafter. ECF Nos. 1-2, 1-3. For example, the treatment records from

Wheeling Hospital show no evidence of substantial harm: Plaintiff was transported

without lights or sirens and was successfully treated for "breathing problems." ECF No.

1-2. There is, thus, no evidence to support Plaintiff's claims that he has suffered severe

pain, blood loss, several medical procedures, treatments, and long term medication. ECF

No. 1 at 9.

Of course, Plaintiff's condition at the time was probably painful and likely requires

long term medication to control it. But that does not mean that the delay in Plaintiff's

treatment that night created the risk of—or actually resulted in—substantial harm. Nor

does the Complaint support a plausible claim that Defendant McKeen and Defendant

Hummel were deliberately indifferent to that risk. In Plaintiff's own words, his treatment

was delayed only because the Northern Correctional Facility was understaffed. ECF No.
1 at 7–8. If Defendant McKeen and Defendant Hummel delayed his transportation to
OVMC only because the facility was understaffed, then they could not have had the
requisite mental state to demonstrate deliberate indifference. In other words, Defendant
McKeen and Defendant Hummel were not acting unnecessarily and wantonly to inflict
Plaintiff with pain. Rather, there actions—or inactions—were based on safety concerns
related to facility staffing.

In short, Plaintiff has not produced any medical information to plausibly claim that
the delay in his medical treatment resulted in substantial harm or that Defendant McKeen
and Defendant Hummel acted with deliberate indifference.  Accordingly, Plaintiff's claim
must be dismissed.

### (ii) The Warden

Liberally construed, Plaintiff claims that the Warden negligently and intentionally
understaffed the Northern Correctional Facility, exposing Plaintiff to a constitutionally
unacceptable risk of serious injury when his transportation to OVMC for medical
treatment was delayed because of said understaffing. ECF No. 1 at 7–8. In support,
Plaintiff claims that if the Warden had not understaffed the Facility, Defendant McKeen
and Defendant Hummel would not have delayed Plaintiff's transportation. Id.

Again, to succeed on such a claim, Plaintiff "must establish both that [he was]
subject to a 'substantial risk of serious injury,' and that prison officials have manifested
'deliberate indifference' toward that risk." Taylor v. Freeman, 34 F.3d 266, 271 (4th Cir.
1994) (quoting Farmer, 511 U.S. at 845).

First, other than Plaintiff's conclusory allegation, there is no evidence to suggest that the Warden intentionally understaffed the Northern Correctional Facility or did so with deliberate indifference. Second, Plaintiff was not subject to a "substantial risk of serious injury" when his transportation to OVMC was delayed because his condition had actually improved during the delay, and there is no other evidence to suggest that the delay had a detrimental effect. ECF No. 1-3 at 1. Third, even if he was subject to a substantial risk of serious injury, Plaintiff has not alleged how the Warden acted with deliberate indifference because there is nothing to suggest that the Warden was aware of that risk, let alone disregarded that risk. Without more, Plaintiff's Complaint does not plausibly allege that the understaffed correctional facility created a substantial risk of serious injury in cases of medical emergencies or that the Warden was deliberately indifferent towards that risk.

In sum, Plaintiff's Complaint fails to plausibly state a claim that his Eighth Amendment rights were violated.

## V.    RECOMMENDATION

For the foregoing reasons, I find that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**. Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and

8

Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 4th day of May, 2018.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE