# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**DONALD ESTEPP**,

    Plaintiff,

v.                                     **CIVIL ACTION NO. 2:15-CV-57**
                                                       **(BAILEY)**

**SGT. McKEEN**, **et al.**,

    Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS

Pending before this Court is plaintiff's Objections [Doc. 32] to the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [Doc. 27]. Objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects service was accepted on May 10, 2018 [Doc. 28]. Plaintiff filed his Objections on June 6, 2018, which was well after his allotted objection period and a week after this Court adopted the R&R [Doc. 30]. Accordingly, plaintiff's Objections are untimely. However, this Court will nonetheless consider plaintiff's Objections.

The following is this Court's standard of review:

> Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, objections to a magistrate judge's R&R must be specific. See **Orpiano v. Johnson**, 687 F.2d 44, 48 (4th Cir. 1982); *see also* **Park v. Comm'r of Soc. Sec.**, No. 4:11cv00030, 2012 WL 1356593, at *3 (W.D. Va. Apr. 19, 2012). General objections or mere reiterations of arguments already presented to the magistrate judge "have the same effects as a failure to object" and do not warrant *de novo* review. **Parker**, 2012 WL 1356593, at *3 (internal quotations and citation omitted); *see also* **United States v. Midgette**, 478 F.3d 616, 621–22 (4th Cir. 2007); **Page v. Lee**, 337 F.3d 411, 416 n.3 (4th Cir. 2003). The Court is aware of the [plaintiff's] *pro se* status. *Pro se* pleadings are held to less stringent standards than those

drafted by licensed attorneys. See **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, the Court construes liberally the [plaintiff's] arguments in opposition to the R&R, but it will not create objections where none exist. Thus, the Court will review *de novo* only those portions of the R&R to which the [plaintiff] has made specific objections. The remainder of the R&R to which "general and conclusory" objections have been made will be reviewed for clear error. See **McGhee v. Colvin**, 6:14-cv-02644-JMC, 2015 WL 5707866, at *1 ([D.S.C.] Sept. 25, 2015) (internal quotations and citation omitted).

**Hunt v. Ballard**, 2017 WL 3485029, at *2 (N.D. W.Va. Aug. 14, 2017) (Groh, C.J.).

Here, plaintiff makes no specific objections to the R&R. In stating that "plaintiff isn't compelled to directly reply to specific allegations of U.S. Magistrate Trumble but does so reply by a denial in general terms," [Doc. 32 at 1], plaintiff simply disagrees with the decision of the magistrate judge by way of general objection. Thus, in the absence of specific objections to the R&R, this Court is only required to review the R&R for clear error. Having again reviewed the R&R for clear error, this Court finds no reason to change its earlier decision to adopt the R&R.

Accordingly, upon consideration of the above, plaintiff's Objections **[Doc. 32]** are **OVERRULED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: June 7, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE